UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| DOUGLAS FUQUA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action Number |
| BRETT TURNER, *et al.*, ) | 3:17-cv-1911-UJH-AKK |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Douglas Fuqua brings this action against the Defendants asserting claims under 42 U.S.C. §§ 1983 and 1985 and state law claims of unlawful entry and search, false arrest, and false imprisonment. Doc. 1. Before the court is Sheriff Frank Williamson's motion to dismiss, doc. 7, which is fully briefed, docs. 9, 15, 17, and ripe for review. For the reasons stated more fully below, the motion to dismiss is due to be granted.[1]

### I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual

---

[1] Also before the court is Sheriff Williamson's motion to strike fictitious parties, doc. 8. Fuqua does not address this motion. *See* doc. 15. Because "there is no provision for fictitious party practice under federal law," *McCree v. Sam's Club*, 159 F.R.D. 572, 574 n.1 (M.D. Ala. 1995) (striking fictitious parties); *see New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997), the motion to strike, doc. 8, is also due to be granted.

1

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTUAL BACKGROUND[2]

Fuqua is the owner of an establishment known as "the Pig." Doc. 1 at 4. Sheriff Williamson asked deputy fire marshal Jimmy Collier to conduct a safety inspection of the Pig on the basis of false complaints of overcrowding and noise, which Collier did on September 16, 2015. *Id.* at 3-4. Sheriff Williamson was seeking a way to close down the Pig due to allegations of overcrowding, loud noise, disturbances, illegal sales of alcohol, illegal drug use, and fights with law enforcement. *Id.* at 5. During his search, Collier noticed several firearms on the premises. *Id.*

On November 3, 2015, Sheriff Williamson met with Collier, deputies, and ATF agents to formulate a plan whereby Collier would conduct a second visit, and alert the ATF agents to the presence of any firearms he saw so that the agents could obtain a search warrant. *Id.* Collier carried out the second inspection thereafter, during which he demanded that Fuqua unlock the door to the residential section of the Pig. Based on the firearms he witnessed in the residential section, Collier notified the ATF agents, who obtained a search warrant. *Id.* Fuqua was subsequently arrested on federal charges of being a felon in possession of a firearm. *Id.*

---

[2] The court recites the facts as alleged in Fuqua's Complaint. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

## III. ANALYSIS

Fuqua brings § 1983 claims for conspiracy to violate the Fourth and Fourteenth Amendments (Count I) and unreasonable search in violation of the Fourth Amendment (Count II), a § 1985 claim for conspiracy to deprive Fuqua of his equal protection rights (Count III), and state law claims of unlawful entry and search, false arrest, and false imprisonment (Count IV) against all defendants. *Id.* at 6-10. Presently before the court is Sheriff Williamson's motion to dismiss the claims against him on various grounds, including a statute of limitations defense to the first search and Eleventh Amendment and qualified immunity defenses. Doc. 9 at 5-22. Because the statute of limitations and immunity issues are sufficient to resolve the claims against Sheriff Williamson, the court does not reach the other issues Sheriff Williamson pleads.

### A. Statute of Limitations

"Because section 1983 does not contain a statute of limitations, reference must be made to the limitation periods prescribed by the state in which the litigation arose." *Majette v. O'Connor*, 811 F.2d 1416, 1419 (11th Cir. 1987). "[T]he most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied." *Id.*; *see Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984). Federal courts in Alabama apply the state's two-year statute of limitations. *See*

*Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992); ALA. CODE § 6-2-38(1). "Under the discovery accrual rule, the discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000); *see Rasheed v. McNamara*, 2008 WL 594763, at *3 (N.D. Ga. 2008) (applying discovery accrual rule to § 1983 claim).

Sheriff Williamson contends that the statute of limitations bars Fuqua from bringing §§ 1983 and 1985 claims arising from the September 2015 search of the Pig. Doc. 9 at 5-6. The court agrees because, according to Fuqua, he was present when this allegedly warrantless search occurred. *See* doc. 1 at 4, 7. Thus, by his own factual allegations, Fuqua knew or should have known of any injury resulting from the September 2015 search when it occurred. Therefore, to the extent that any of Fuqua's claims are premised on the September 2015 search, those claims are barred by the statute of limitations. However, because it is unclear from the Complaint which, if any, of Fuqua's claims arise from the September 2015 search,[3] and because this issue is not dispositive, the court will address next Sheriff Williamson's immunity arguments.

---

[3] Count I, the conspiracy to violate the Fourth and Fourteenth Amendments claim, references the ATF agents, who were only involved in the November 2015 search, suggesting that search is at the heart of this claim. Doc. 1 at 6-7. Count II, the unreasonable search claim, does not distinguish between the two searches. *Id.* at 8. Count III, the conspiracy to deprive equal rights claim, contends that the conspiracy involved an agreement to arrest Fuqua, which appears to reference the November 2015 search, rather than the September 2015 search. *Id.* at 8-9.

**B. Eleventh Amendment Immunity**

"A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity or Congress has abrogated the state's immunity[.]" *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997) (internal citations omitted). Therefore, because Alabama has not waived, nor has Congress abrogated Alabama's Eleventh Amendment immunity, "Alabama state officials are immune from claims against them in their official capacities." *Id.* (internal citations omitted); *see also Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (holding that sheriff was immune from suit in his official capacity under the Eleventh Amendment). In that regard, Sheriff Williamson contends that all claims against him in his official capacity are barred by the Eleventh Amendment. Doc. 9 at 6-7. Fuqua does not respond to this argument, *see* doc. 15, and has thus abandoned the issue, *see, e.g.*, *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (issue not briefed deemed abandoned). Accordingly, Sheriff Williamson is entitled to Eleventh Amendment immunity, and Fuqua's claims against Sheriff Williamson in his official capacity are due to be dismissed.

**C. Qualified Immunity**

The defense of qualified immunity reflects both "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield

officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Accordingly, "government officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis for [the] suit violates clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Sanders v. Howze*, 177 F.3d 1245, 1249 (11th Cir. 1999). "'[A]ll but the plainly incompetent or one who is knowingly violating the federal law'" are entitled to the protection of qualified immunity. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (quoting *Willingham v. Loughnan*, 261 F.3d 1178, 1187 (11th Cir. 2001)). Qualified immunity, however, "does not extend to one who knew or reasonably should have known that his or her actions would violate the plaintiff's federal rights." *Gaines v. Wardynski*, 871 F.3d 1203, 1207 (11th Cir. 2017).

As a threshold matter, a public official must have acted within the scope of her discretionary authority to invoke qualified immunity. *Jones v. Fransen*, 857 F.3d 843, 851 (11th Cir. 2017). Discretionary authority includes "all actions of a governmental official that (1) 'were undertaken pursuant to the performance of his duties,' and (2) were 'within the scope of his authority.'" *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988)). When conducting this inquiry, the court must put aside "the fact that

[the act] may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004).

Sheriff Williamson contends that his alleged conduct of reporting possible fire code violations to the fire marshal and convening a meeting of law enforcement officials falls within the scope of his employment and the parameters of his duties as a sheriff, and thus, within his discretionary authority. Doc. 9 at 9-10. Indeed, the duties of a county sheriff include "ferret[ing] out crime, apprehend[ing] and arrest[ing] criminals and . . . secur[ing] evidence of crimes in their counties[.]" Ala. Code. § 36-22-3 (1975). In addition, county sheriffs are deemed assistants to the fire marshal by law. Ala. Code § 36-19-3. Consequently, the court finds that Sheriff Williamson acted within the scope of his discretionary authority, a fact Fuqua does not dispute. *See* doc. 15 at 3-5.

Thus, "'the burden shifts to [Fuqua] to show that qualified immunity is not appropriate.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Lee*, 284 F.3d at 1194). To make this showing, "the plaintiff must demonstrate . . . the following two things: (1) that the defendant violated her constitutional rights, and (2) that, at the time of the violation, those rights were 'clearly established . . . in light of the specific context of the case, not as a broad general proposition.'"

*Gaines*, 871 F.3d at 1208 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled, in part, on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)). The court "may decide these issues in either order, but, to survive a qualified-immunity defense, [the plaintiff] must satisfy both showings." *Jones*, 857 F.3d at 851. Fuqua appears to contend that Sheriff Williamson knew or should have known that his involvement in the September 2015 search and meeting with law enforcement officials prior to the November 2015 search violated Fuqua's federal rights. Doc. 15 at 5. However, Fuqua fails to address whether the rights allegedly violated were clearly established in the specific context of this case, citing no case law on that issue. *See id.* at 3-5. Because Fuqua has failed to meet his burden on this element, the court need not consider whether Sheriff Williamson violated Fuqua's constitutional rights. *Jones*, 857 F.3d at 851. Thus, Sheriff Williamson is entitled to qualified immunity against all claims against him in his individual capacity for alleged violations of Fuqua's constitutional rights.

**D. State Law Immunity**

Sheriff Williamson next contends that he is entitled to absolute immunity on the state law claims against him. Under Article I, § 14 of the Alabama Constitution, sheriffs have absolute immunity from state law claims when acting within the line and scope of their employment. *Ex parte Sumter Cty.*, 953 So. 2d 1235, 1239 (Ala. 2006) (citing *Ex parte Purvis*, 689 So. 2d 794, 795 (Ala. 1996);

*Coleman v. City of Dothan*, 598 So. 2d 873, 875 (Ala. 1992)). As discussed *supra* at III.C., all of the actions Fuqua alleges Sheriff Williamson took fall within the scope of his employment as a sheriff. Moreover, Fuqua's own pleadings contend that Sheriff Williamson was "acting within the line and scope of his employment" when he took the acts at issue. Doc. 1 at 12. Therefore, in light of the Complaint and because Fuqua does not respond to Sheriff Williamson' claim of immunity from state law claims, *see* doc. 15, Count IV is due to be dismissed against Sheriff Williamson.

## IV. CONCLUSION

For the reasons stated above, Sheriff Williamson's motion to dismiss, doc. 7, and his motion to strike, doc. 8, are **GRANTED**. All claims against Sheriff Williamson are **DISMISSED WITH PREJUDICE**.

**DONE** the 22nd day of January, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE