# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |  |
|---|---|---|
| DOUGLAS FUQUA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action Number |
| BRETT TURNER, *et al.*, | ) | 3:17-cv-1911-UJH-AKK |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Douglas Fuqua brings this action against the Defendants asserting claims under 42 U.S.C. §§ 1983 and 1985 and state law claims of unlawful entry and search, false arrest, and false imprisonment. Doc. 1. Before the court are Fuqua's Motion for Leave to Amend Complaint, doc. 46, and Adam Nesmith and Brett Turner's motion to dismiss, doc. 40, both of which are fully briefed, docs. 44, 45, and ripe for review. For the reasons stated more fully below, the motion to dismiss is due to be granted.

### I. FUQUA'S MOTION FOR LEAVE TO AMEND COMPLAINT

Fuqua's proposed Amended Complaint incorporates his original Complaint, and adds a state law claim of malicious prosecution against all Defendants. *See* doc. 46-1. The motion for leave to amend is due to be denied as futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The elements of a malicious prosecution action are (1) that the defendant initiated a judicial proceeding against the plaintiff, (2)

1

that the judicial proceeding was instituted without probable cause, (3) that the defendant instituted the proceedings maliciously, (4) that the judicial proceeding had been terminated in favor of the plaintiff, and (5) that the plaintiff suffered damage as a proximate result of the judicial proceeding. *Eidson v. Olin Corp.*, 527 So. 2d 1283, 1284 (Ala. 1988) (citing *Smith v. Wendy's of the South, Inc.*, 503 So.2d 843, 844 (Ala. 1987)).

Fuqua does not plead any facts to support his conclusory allegation that the Defendants lacked probable cause to believe he was a felon in possession of a firearm. *See* doc. 42-1 at 2; *see also Ex parte Harris*, 216 So. 3d 1201, 1215 n.2 (Ala. 2016) ("Probable cause for a malicious-prosecution claim is not determined at the time of the arrest but when the defendant (usually the arresting officer) initiates the prosecution by filing a report with the prosecutor, submitting an affidavit, or giving grand-jury testimony") (citation omitted). As such, he has failed to plead facts to support a claim of malicious prosecution. In addition, while "[m]alicious-prosecution actions are not disallowed against arresting police officers simply because they are not the individuals who ultimately decide to institute a criminal proceeding," *Ex parte Harris*, 216 So. 3d at 1215 n.2 (citation omitted), Fuqua's proposed Amended Complaint alleges that only Nesmith and Turner arrested him, and is silent on whether the officers took any additional actions beyond the arrest, *see* doc. 1 at 6. His malicious prosecution claim against

Sheriff Williamson and Jimmy Collier fails also for that reason. Accordingly, Fuqua's proposed Amended Complaint is futile, and, as such, his motion to amend is due to be denied.

## II. MOTION TO DISMISS[1]

Fuqua brings § 1983 claims[2] for conspiracy to violate the Fourth and Fourteenth Amendments and unreasonable search in violation of the Fourth Amendment, a § 1985 claim for conspiracy to deprive Fuqua of his equal protection rights, and state law claims of unlawful entry and search, false arrest, and false imprisonment against all Defendants in their individual and official capacities. *Id.* at 2-3, 6-10. Presently before the court is Nesmith and Turner's motion to dismiss, doc. 40.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

---

[1] The court will skip the standard summary of the facts because it included such a summary in an earlier order. *See* doc. 29 at 3.

[2] A § 1983 claim is available only against actors who violate a plaintiff's federal rights under color of state, not federal, law. *See Butler v. Sheriff of Palm Beach County*, 685 F.3d 1261, 1265 (11th Cir. 2012). The analogous action against a federal officer is a *Bivens* claim, and "courts generally apply § 1983 law to *Bivens* cases." *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). The court is not convinced that it must construe Fuqua's § 1983 claims as *Bivens* claims, as Fuqua is represented by counsel. However, because Nesmith and Turner do not contend that these claims should be dismissed because of this defect, and because the analysis of a *Bivens* claim is largely identical to that of a § 1983 claim, the court will construe Fuqua's § 1983 claims against Nesmith and Turner as *Bivens* claims.

U.S. 662, 678 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Turning now to the specifics here, Nesmith and Turner move to dismiss all claims against them on various grounds. Doc. 40. As two of these are dispositive—improper service and qualified immunity—the court does not reach the other grounds raised.

**A. Improper Service of Process**

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). When defendants are not properly served, it is improper for the court to reach the merits of the case; rather, the court should dismiss it without prejudice. *See, e.g., Kabbaj v. Obama*, 568 F. App'x 875, 881 (11th Cir. 2014) (citing *Pardazi*, 896 F.2d at 1317);

4

*Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 183 (11th Cir. 2007) (citing *Pardazi*, 896 F.2d at 1317); *Davis v. Chase Bank*, No. 1:17-CV-4206-WSD, 2018 WL 338956, at *3 (N.D. Ga. Jan. 9, 2018) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999); *Pardazi*, 896 F.2d at 1317; *Read v. Ulmer*, 308 F.2d 915, 917 (5th Cir. 1962)). The plaintiff bears the burden of proving proper service. *Hyundai Merch. Marine Co. v. Grand China Shipping (Hong Kong) Co.*, 878 F. Supp. 2d, 1252, 1263 (S.D. Ala. 2012) (citing *Cornwall v. Miami-Dade Cty. Corr. & Rehab. Dep't*, No. 10-23561-CIV, 2011 WL 3878352, at *2 (S.D. Fla. Aug. 31, 2011)).

Nesmith and Turner contend that Fuqua has failed to properly serve them. Doc. 40 at 7-12. To serve a United States officer sued in his official capacity, "a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3).

To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). While Fuqua sent copies of the summons and complaint to U.S. Attorney Jay Town and U.S. Attorney General Jeff Sessions, *see* doc. 3 at 1-2, the return of service card for Attorney General Sessions was returned unsigned, *see* doc. 23 at 5. Fuqua disputes this, contending that "there is a faint signature" on the return of service card, doc. 27, but the court, having examined Fuqua's filing of the card at enhanced magnification, concludes that this is not the case.

Moreover, the return of service cards for Nesmith and Turner appear not to be signed by the defendants themselves, but by the mail room of the ATF Huntsville Satellite Office. *See* doc. 23 at 2-3. The court put Fuqua on notice of these defects when it denied his motion for entry of default judgment. *See* doc. 24. Despite the court's order, Fuqua did not remedy the defects within the time provided for service of process or request an extension of the service deadline. Instead, he challenged the court's ruling, arguing that Nesmith and Turner were "given collateral notice about this court action at least several times," and that this constituted sufficient service. *See* doc. 27. While Fuqua is free to disagree with the court, he does so at his own peril when he ignores the deficiencies in his service of process. Accordingly, in light of Fuqua's failure to properly serve Nesmith and

Turner in either their official or their individual capacities, the court lacks personal jurisdiction over them.

Fuqua appears to contend alternatively that any defects in his service were remedied by the receipt of his complaint and summons by the Huntsville ATF office, and that the Defendants thus had actual notice of the service: "[t]he questioned documents (summons and Complaints, [sic]) more than likely, they were in the possession of the satellite office of the ATF agency where they have been all the time." Doc. 44 at 4. This argument is unavailing, as "[a] defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citing *Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir. 1991)); *see Abele v. City of Brooksville, FL*, 273 F. App'x 809, 811 (11th Cir. 2008) ("[S]ervice of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit") (citing *Prewitt Enter., Inc. v. OPEC*, 353 F.3d 916, 925 (11th Cir. 2003)). Accordingly, all claims against Nesmith and Turner are due to be dismissed without prejudice.

**B. Qualified Immunity**

Although it is improper generally to reach the merits of a case when the court finds the plaintiff has failed to properly serve the defendants, *see Pardazi*,

896 F.2d at 1317, because Fuqua insists that this court's finding on this issue is in error, the court will also address Nesmith and Turner's qualified immunity argument. The defense of qualified immunity reflects both "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Accordingly, "government officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis for [the] suit violates clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Sanders v. Howze*, 177 F.3d 1245, 1249 (11th Cir. 1999). "'[A]ll but the plainly incompetent or one who is knowingly violating the federal law'" are entitled to the protection of qualified immunity. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (quoting *Willingham v. Loughnan*, 261 F.3d 1178, 1187 (11th Cir. 2001)). Qualified immunity, however, "does not extend to one who knew or reasonably should have known that his or her actions would violate the plaintiff's federal rights." *Gaines v. Wardynski*, 871 F.3d 1203, 1207 (11th Cir. 2017).

As a threshold matter, a public official must have acted within the scope of her discretionary authority to invoke qualified immunity. *Jones v. Fransen*, 857 F.3d 843, 851 (11th Cir. 2017). Discretionary authority includes "all actions of a

governmental official that (1) 'were undertaken pursuant to the performance of his duties,' and (2) were 'within the scope of his authority.'" *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988)). When conducting this inquiry, the court must put aside "the fact that [the act] may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004).

If the defendant acted within the scope of her discretionary authority, "'the burden shifts to the plaintiff to show that qualified immunity is not appropriate.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Lee*, 284 F.3d at 1194). To make this showing, "the plaintiff must demonstrate . . . the following two things: (1) that the defendant violated her constitutional rights, and (2) that, at the time of the violation, those rights were 'clearly established . . . in light of the specific context of the case, not as a broad general proposition.'" *Gaines*, 871 F.3d at 1208 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled, in part, on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)). The court "may decide these issues in either order, but, to survive a qualified-immunity defense, [the plaintiff] must satisfy both showings." *Jones*, 857 F.3d at 851.

Fuqua does not contend that Nesmith and Turner acted beyond the scope of their discretionary authority. *See* doc. 44. Thus, the question becomes whether Nesmith and Turner violated Fuqua's Fourth and Fourteenth Amendment rights, and, if so, whether those rights were clearly established. Fuqua asserts that Nesmith and Turner violated his Fourth Amendment rights by obtaining and executing a search warrant based on evidence obtained by Collier's allegedly unlawful search. *Id.* Fuqua appears to rely, for the first time in this case, on the criminal trial court's grant of his motion to suppress evidence retrieved by Collier's search to establish that the search violated his Fourth Amendment rights.[3] *Id.* at 6-7, 11-12; *see* doc. 37 in *United States of America v. Douglas Fuqua*, No. 3:16-cr-00083-VEH-TMP (N.D. Ala. Aug. 8, 2016). However, even assuming that Collier violated Fuqua's constitutional rights, Fuqua does not make any substantive argument as to why Nesmith and Turner's involvement in the search violated a clearly established right beyond the fact that the criminal trial court ultimately suppressed the evidence resulting from the search, nor does he cite any case law that would have put Nesmith and Turner on notice that their conduct violated a

---

[3] "Typically, the court cannot consider extrinsic documents at this stage of the proceedings without converting a motion to dismiss into a motion for summary judgment." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). However, the court may "consider judicially noticed documents" at the motion to dismiss stage. *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). Judicially noticeable documents include "publicly filed documents" which may be considered "for the limited purpose of determining which statements the documents contain (but not for determining the truth of those statements)." *Id.* at 811 n.4. Accordingly, the court takes judicial notice of all filings in *United States v. Fuqua*.

clearly established right. *See* doc. 44. Accordingly, based on the allegations in the complaint and proposed amendment, Nesmith and Turner are entitled to qualified immunity, and the claims against them in their individual capacities are due to be dismissed also for this reason.

## III. CONCLUSION

For the reasons stated above, Nesmith and Turner's Motion to Dismiss, doc. 40, is **GRANTED**. All claims against Nesmith and Turner are **DISMISSED WITHOUT PREJUDICE**. Fuqua's Motion for Leave to Amend Complaint, doc. 46, is **DENIED**.

**DONE** the 20th day of April, 2018.

                                              *[signature: Abdul Kallon]*
                                              **ABDUL K. KALLON**
                                              UNITED STATES DISTRICT JUDGE